Filed 7/30/13  P. v. Jimenez CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B244381 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA122146) |
| v. | |
| SALVADOR SANCHEZ JIMENEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Robert J. Higa, Judge.  Affirmed.

Salvador Sanchez Jimenez, in pro. per., and Suzann E. Papagoda, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Salvador Sanchez Jimenez appeals from the judgment entered following his conviction by a jury of second degree robbery, attempted robbery and possession of a firearm by a felon with related firearm-use findings. No meritorious issues have been identified by Jimenez's appointed counsel or by our own independent review of the record and analysis of the contentions presented by Jimenez in a handwritten supplemental brief. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *The Charges*

An amended information charged Jimenez and Katherine Lezama[1] with two counts of second degree robbery (Pen. Code, § 211, counts 1 & 2),[2] and one count of attempted second degree robbery (§§ 211, 664, count 3). Jimenez was also charged with one count of possession of a firearm by a felon (§ 12021, subd. (a)(1), count 4). The information further alleged as to counts 1, 2, and 3 that Jimenez and Lezama had personally used a firearm (§ 12022.53, subd. (b)), a principal was armed with a firearm (§12022, subds. (a)(1) [handgun] & (a)(2) [Uzi]) and the offenses were committed to benefit a criminal street gang (§ 186.22, subd. (b)(1)(C)). As to all counts it was specially alleged that Jiminez had previously served two separate prison terms for felonies (§ 667.5, subd. (b)). Represented by appointed counsel, Jimenez pleaded not guilty to the charges and denied the special allegations.

2. *Summary of Trial Evidence*[3]

According to the evidence presented at trial, on the night of June 10, 2011, Andy Oropeza, Victor Ramirez and Ivana Venegas were standing in an alley outside of Oropeza's garage in Huntington Park. The garage door was open; inside was Ramirez's

---

[1]     Katherine Lezama is not a party to this appeal.

[2]     Statutory references are to the Penal Code.

[3]     Jimenez and Lezama were tried jointly with separate juries.

truck. While the three friends were talking, a black Nissan Altima drove through the alley. About 15 minutes later, the Nissan Altima returned and stopped. The driver, Lezama, called Oropeza over to the car. Jimenez was sitting next to Lezama and two other men were sitting in the back seat. Oropeza approached and Jimenez demanded to know where he was from. When Oropeza answered he was not from anywhere, Jimenez produced an Uzi, and demanded money. Jimenez then got out of the car, walked up to Ramirez and ordered him to surrender anything of value. Ramirez gave Jimenez his wallet, truck keys and cell phone. In the meantime, Lezama and the men in the backseat had armed themselves and followed Jimenez out of the Nissan Altima. Jimenez hit Ramirez twice in the face with the Uzi, before attempting to take Ramirez's truck, which failed to start. One of Jimenez's male confederates struck Oropeza in the head with a revolver and took his cell phone. The same man searched Venegas, but found nothing on her person. The fourth man stood by during the robberies, holding a rifle. After Jimenez, Lezama and their confederates drove away, Oropeza and Venegas contacted the police. Officers later recovered a revolver and a rifle from the Nissan Altima.

Jimenez did not testify in his defense. His mother, Irma Sanchez, testified Jimenez was with her in Palm Springs for a family reunion on June 10, 2011. She did not have any receipts for the motel stay because the rooms were complimentary.

3. *Jury Deliberations*

Jury deliberations commenced at 11:33 a.m. on Friday, September 7, 2012. Outside the presence of the jury, the bailiff informed the trial court that the foreperson (Juror No. 12) was scheduled for medical appointments on Monday, September 10, 2012. To accommodate Juror No. 12, the parties stipulated the jury could resume its deliberations after the weekend on Tuesday, September 11, 2012. At approximately 4:00 p.m. that day, Juror No. 12 notified the court that the jury was currently unable to reach a verdict. The court advised the jury it had not been deliberating very long, and excused the jury until the morning of Tuesday, September 11, 2012 to resume deliberations.

On the morning of Tuesday, September 11, 2012, the trial court was notified that Juror No. 12 had been admitted to the hospital for a medical emergency. The parties stipulated to the replacement of Juror No. 12 by an alternate juror. The court discharged Juror No. 12, replaced him with Alternate Juror No. 2 and ordered that deliberations resume. Deliberations resumed at approximately 10:30 a.m. and a verdict was reached at approximately 2:00 p.m.

### 4. *Verdict and Sentencing*

The jury found Jimenez guilty on all counts and found true the firearm-use and criminal street gang enhancement allegations. In a bifurcated proceeding Jimenez admitted the prior conviction allegations.

Jimenez was sentenced to an aggregate state prison term of 27 years, consisting of the upper term of five years for second degree robbery (count 1), plus 10 years for the personal use firearm enhancement, and 10 years for the criminal street gang enhancement and two years for the prior prison term enhancements. The court stayed sentence on the principal-armed firearm enhancement pursuant to section 654. On the remaining counts and related enhancements, concurrent terms of 23 years, 21 years six months, and two years were imposed for second degree robbery, attempted second degree robbery and possession of a firearm by a felon, respectively. Jimenez received presentence custody credit of 544 days (473 actual days and 71 days of conduct credit). The trial court ordered Jimenez to pay a $40 security assessment and a $30 criminal conviction assessment on each count and a $200 restitution fine. The court imposed and suspended a parole revocation fine pursuant to section 1202.45.

## DISCUSSION

We appointed counsel to represent Jimenez on appeal. After examination of the record counsel filed an opening brief in which no issues were raised. On March 25, 2013, we advised Jimenez he had 30 days within which to personally submit any contentions or issues he wished us to consider. We received a handwritten supplemental brief in which Jimenez contended he had an unfair trial, arguing (1) he should have had a

4

separate trial from Lezama because "there was a big possibility" the separate juries in this case communicated with each other prior to reaching a verdict; (2) Huntington Park police officers coerced the victims to falsely accuse him of the crimes; and (3) the jury initially could not reach a verdict, yet found him guilty after Juror No. 12 was replaced with an alternate juror. None of these claims raise an arguable issue. They are either entirely devoid of either evidentiary or legal support or amount to speculation on matters outside the record and, in any event, have been abandoned in light of the lack of legal argument, citation to authority or reference to the record. (See *People v. Barnett* (1998) 17 Cal.4th 1044, 1107, fn. 37.)

We have examined the entire record and are satisfied Jimenez's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.


ZELON, J.

We concur:


PERLUSS, P. J.


WOODS, J.

5